Eric D. Olson, State Bar No. 198373
LEE, HONG, DEGERMAN, KANG & WAIMEY
3501 Jamboree Road, Suite 6000
Newport Beach, CA 92660
Telephone: (949) 250-9954
Facsimile: (949) 250-9957
Email: eolson@lhlaw.com

Joseph Koo, State Bar No. 322537
Jong Hyun Lee, State Bar No. 322539
Soojin Youn, State Bar No. 331888
LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
Telephone: (213) 623-2221
Facsimile: (213) 623-2211
Emails: jkoo@lhlaw.com; edlee@lhlaw.com; syoun@lhlaw.com

Attorneys for Applicant
Chloe H. Kim

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re *Ex Parte* Application of<br><br>Chloe H. Kim,<br><br>              Applicant. | Case No.:<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN CIVIL PROCEEDINGS; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Declaration of Chloe H. Kim, Declaration of Yun Hee Kang, and [Proposed] Order Filed Concurrently Herewith |

Applicant Chloe H. Kim ("Applicant") hereby moves, by and through her counsel, *ex parte* for an Order pursuant to Section 1782 of Title 28 of the United States Code authorizing limited discovery for use in foreign civil proceedings in the Republic of Korea (the "Application"). Applicant seeks limited discovery from Google LLC ("Google") pursuant to the proposed subpoena attached to this Application as **Exhibit 1**.

Applicant respectfully requests that this Court consider this Application which is brought under Section 1782 of Title 28 of the United States Code on an *ex parte* basis, as is the common practice of United States district courts, including this District. *See In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at \*6 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis"); *In re Republic of Equador*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158, at \*7 (N.D. Cal. Sep. 15, 2010) ("parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it").

Applicant is entitled to the relief sought under this Application because the proposed discovery is necessary in Applicant's pursuit of multiple civil defamation cases currently pending in the Republic of Korea. The statutory requirements of Section 1782 are amply met, and the discretionary *Intel* factors weigh heavily in favor of granting this Application, as further explained in the accompanying Memorandum of Points and Authorities.

Divisional Assignment

Pursuant to Civil Local Rule 3-2(c), this case should be assigned to the San Jose Division, which serves Santa Clara County in which the action arises, based on Google's principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

///

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

This Application is supported by the Memorandum of Points and Authorities attached hereto and the Declarations of Chloe H. Kim and Yun Hee Kang filed concurrently herewith.

Dated: November 22, 2024

LEE, HONG, DEGERMAN, KANG & WAIMEY

By: /s/ *Eric D. Olson*

Eric D. Olson
Joseph Koo
Jong Hyun Lee
Soojin Youn

Attorneys for Applicant
Chloe H. Kim

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................1

II.  FACTUAL BACKGROUND .................................................................2

     A.   The Defamatory Videos at Issue in the Korean Cases ..........................2

     B.   The Limited Discovery of Information Sought from Google ..................4

III. JURISDICTION, VENUE, AND BASIS FOR *EX PARTE*
     CONSIDERATION OF THIS APPLICATION ..........................................5

IV.  ARGUMENT ........................................................................................5

     A.   This Application Satisfies All Statutory Requirements of Section 1782 ...........6

     B.   *Intel*'s Discretionary Factors Weigh In Favor of Granting this
          Application ...................................................................................7

V.   CONCLUSION ...................................................................................13

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

i

**Cases**                                                                                  **Page(s)**

*Ahin Park v. Unknown (In re Request for Jud. Assistance)*,
    No. 23-mc-80016-BLF, 2023 U.S. Dist. LEXIS 38311 (N.D. Cal. Mar. 7, 2023) ...........9, 12

*Hey, Inc. v. Twitter, Inc.*,
    No. 22-mc-80034-DMR, 2023 U.S. Dist. LEXIS 98590 (N.D. Cal. Jun. 6, 2023) .............10

*In re Google Inc.*,
    No. 14-mc-80333-DMR, 2014 U.S. Dist. LEXIS 173085 (N.D. Cal. Dec. 15, 2014) .........10

*In re Ho Chan Kim*,
    No. 5:24-mc-80152-EJD, 2024 U.S. Dist. LEXIS 116875 (N.D. Cal. Jul. 2, 2024) ....7, 9, 12

*In re Min-Ji Kim*,
    No. 24-mc-80072-PCP, 2024 U.S. Dist. LEXIS 78891 (N.D. Cal. Apr. 30, 2024)......7, 9, 12

*In re Qualcomm Inc.*, 162 F.Supp.3d 1029 (N.D. Cal. 2016) ...............................11, 12

*In re Republic of Equador*,
    No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158
    (N.D. Cal. Sep. 15, 2010)..........................................................................5

*In re Starship Entm't Co.*,
    No. 23-mc-80147-BLF, 2023 U.S. Dist. LEXIS 91000 (N.D. Cal. May 24, 2023) .............12

*In re Varian Med. Sys. Int'l AG*,
    No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911 (N.D. Cal. Mar. 24, 2016)..........5, 8

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)................1, 5, 6, 7, 8, 9, 11

*IPCom GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919 (N.D. Cal. 2014) ............................5

*Khrapunov v. Prosyankin*, 931 F.3d 922 (9th Cir. 2019) ........................................6

*Lee v. Google LLC*,
    No. 24-mc-80169-EJD, 2024 U.S. Dist. LEXIS 150583 (N.D. Cal. Aug. 22, 2024) ...7, 9, 12

*Starship Entm't Co., Ltd. v. Defendant*,
    No. 23-mc-80147-BLF, 2023 U.S. Dist. LEXIS 150511 (N.D. Cal. Aug. 25, 2023)...7, 9, 12

*United States v. Google LLC*, 690 F.Supp.3d 1011 (N.D. Cal. 2023)........................6, 9, 10, 12

*ZURU, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697 (N.D. Cal. 2022)...............................10, 11

**Statutes**

28 U.S.C. § 1331    ....................................................................................5

28 U.S.C. § 1391    ....................................................................................5

28 U.S.C. § 1782    ...........................................................................1, 5, 6, 7

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Applicant Chloe H. Kim ("Applicant") seeks leave under 28 U.S.C. section 1782 ("Section 1782") to take discovery in this judicial district in aid of multiple civil lawsuits now pending in the Republic of Korea. Applicant resides and conducts a business in Korea and has been targeted by numerous false, defamatory, and harassing videos in Korean posted on YouTube by anonymous individuals. Applicant has filed ten (10) civil defamation actions against these anonymous individuals in the Republic of Korea (collectively, the "Korean Cases"), but the Korean Cases cannot proceed without the individuals' personally identifiable information, which is held by Google LLC ("Google"). Applicant has been unable to obtain this information through other means and thus respectfully requests that this Court grant this Application, authorizing Applicant to issue the proposed subpoena to Google (attached hereto as **Exhibit 1**).

As more fully set forth below, Applicant satisfies both the statutory requirements under Section 1782 and the discretionary factors set forth in the Supreme Court's *Intel* decision,[1] all of which support granting the Application. The statutory requirements are easily met: (1) Google, the person from whom discovery is sought, "resides or is found" in this District; (2) the discovery is for use in foreign proceedings; namely, the Korean Cases; and (3) the Application is made by "interested person" Applicant, who is the plaintiff in the Korean Cases. *See* 28 U.S.C. § 1782(a). Furthermore, all four *Intel* factors weigh in Applicant's favor, because (1) Google is not a participant in the Korean Cases, (2) the Korean courts are receptive to U.S. federal court judicial assistance, (3) the Application is not an attempt to circumvent any legal restrictions or policies of Korea or the United States, and (4) Applicant's request is not unduly intrusive or burdensome. *See Intel Corp.*, 542 U.S. at 264-65.

For all these reasons, and as further explained below, this Court should grant the Application and authorize the issuance of Applicant's requested subpoena.

---

[1] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

## II.    FACTUAL BACKGROUND

### A.    The Defamatory Videos at Issue in the Korean Cases

Applicant is also known by her Korean name "김희영," which can be translated into "Hee Young Kim" or "Hee-Young Kim" in English, and she is the Chairman of the Board of Directors of the T&C Foundation and resides in the Republic of Korea. *See* Declaration of Chloe H. Kim ("Kim Decl."), ¶ 3. Since December 2015, Applicant has been subject to years of cyberbullying in relation to her relationship with Tae-Won Chey, the Chairman of SK Inc., which is one of the largest tech conglomerates in Korea. *Id.*, ¶ 4. Mr. Chey's divorce proceedings with his former wife Ms. Soh-Yeong Roh—daughter of former South Korean president Mr. Tae-Woo Roh—have been ongoing for over 8 years due to particularly complex property division issues and, after two appeals, are now pending before the Supreme Court of Korea. *Id.*

This year, as news of Mr. Chey's appellate-level divorce ruling was widely covered by Korean media outlets, numerous social media content generators aimed a large number of provocatively titled videos at Applicant, attacking her personal life and her family with false, defamatory, and/or harassing statements that they held out to be truths. Kim Decl., ¶ 5. Multiple anonymous YouTube users (collectively, the "YouTubers") published multiple videos on their respective ten (10) YouTube channels (collectively, the "YouTube Channels") that contained false, defamatory, and/or harassing statements concerning Applicant and her relationship with Mr. Chey. *Id.*, ¶¶ 4-5; Declaration of Yun Hee Kang ("Kang Decl."), ¶ 4.[2] The videos on the YouTube Channels that contained such false, defamatory, and/or harassing statements (collectively, the "Videos") were provocatively titled and attacked Applicant's

---

[2] The names and handles of the YouTube Channels are: "5S News" (Korean original: "5S 뉴스"), formerly @user-g15qo6bu2z and, as of October 2, 2024, @5S 뉴스; "SBKR TV", @mjaeger38; "Gangsan TV" (Korean original: "강산 TV"), @gangsanTV; "Cat Queen News TV" (Korean original: "고양이여왕뉴스 TV"), @catnewskr; "Gochubat" (Korean original: "고추밭"), @gochubat2024; formerly "Eye-Catching News" (Korean original: "눈길가는뉴스") and, as of October 2, 2024, "Well-Well-Well" (Korean original: "잘잘잘"), formerly @today.breakingnews and, as of October 2, 2024, @wellness-plan; "RichRich Story" (Korean original: "리치리치스토리"), @richrichstory; "Master Review" (Korean original: "마스터리뷰"), formerly @masterrevie-1 and, as of October 2, 2024, @masterrevie-4; "Shuchil27_issueCHILL" (Korean original: "슈칠 27_issueCHILL"), @issueCHILL27; and "Pure Sea TV" (Korean original: "푸른샘 TV"), @pure-sea. Kang Decl., ¶ 3, fn. 1.

personal life and her family members. *See* Kim Decl., ¶ 5. Among the personal attacks, the Videos falsely stated:

1. That Applicant fabricated the appearance of donating a violin by making online posts both as herself and the recipient;

2. That Applicant was only a middle school graduate and forged her academic credentials;

3. That Applicant's mother was a former bar hostess and engaged in an extramarital affair as the mistress of a married business owner; and/or

4. That in a prior criminal defamation proceeding, the defamatory statements about Applicant's academic credentials and Applicant's mother were found to be true.

*Id.*, ¶ 6. Such false statements damaged Applicant's reputation and inflicted significant emotional and mental harm on Applicant and her family members. *Id.*, ¶ 7.

Though not all of the Videos remain publicly available on YouTube, all of them were widely disseminated while public. *See* Kim Decl., ¶ 5(a)-(j). For example, a video posted on the YouTube channel "Gangsan TV" (Korean original: "강산 TV") had been viewed approximately 651,000 times and liked approximately 6,800 times in the span of six (6) days. *Id.*, ¶ 5(c), Exhibit 5.

The Videos are all titled and narrated in the Korean language, and the use of Korean colloquial terms indicate that the YouTubers are native Korean speakers likely to be South Korean citizens. Kang Decl., ¶ 4; Kim Decl., ¶ 8.

Applicant filed the subject defamation lawsuits against the offending YouTubers before the Seoul Western District Court in Korea pursuant to Articles 750 and 751 of the Civil Act of Korea. *See* Kang Decl., ¶ 5.[3] However, Applicant has not been able to uncover the

---

[3] The case numbers of the Korean Cases are: 2024*GADAN*269870 (Korean original: 2024 가단 269870); 2024*GADAN*269580 (Korean original: 2024 가단 269580); 2024*GADAN*269559 (Korean original: 2024 가단 269559); 2024*GADAN*269788 (Korean original: 2024 가단 269788); 2024*GADAN*269733 (Korean original: 2024 가단 269733); 2024*GADAN*269856 (Korean original: 2024 가단 269856); 2024*GADAN*269627 (Korean original: 2024 가단 269627); 2024*GADAN*269573 (Korean original: 2024 가단 269573); 2024*GADAN*269801 (Korean original: 2024 가단 269801); and 2024*GADAN*269597 (Korean original: 2024 가단 269597). *Id.*, ¶ 5, fn. 2.

personally identifiable information of the YouTubers, and without such information, the Korean Cases cannot proceed. *Id.*, ¶ 9.

In Korea, service of process is conducted by the courts on parties, including the initial pleadings which are served on the respondents based on the identifying information provided by the petitioners. *See* Kang Decl., ¶ 9. Applicant has been unable to discover the true identities of the YouTubers and thus unable to provide the personally identifiable information necessary to enable the Korean court to serve Applicant's complaints in the Korean Cases. *Id.* In order to proceed with the Korean Cases, Applicant seeks to obtain the necessary personally identifiable information of the YouTubers through Section 1782 discovery. *Id.*

### B. The Limited Discovery of Information Sought from Google

YouTube is a video sharing service provided by Google, and a Google account is required to create a YouTube channel and upload videos.[4] Google's principal office is located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Kang Decl., ¶ 10, Ex. 1. YouTube channels and videos can be monetized, and the primary method of payment for the earnings to YouTube content creators is through Google AdSense.[5] YouTube channels can be linked to Google Ads accounts, and Google Pay payments profiles for purchases through Google are associated with Google accounts.[6] Google also collects information, including IP address, date, and time, about the use of its services, including YouTube.[7]

In order for process in the Korean Cases to be served on the YouTubers, Applicant needs to obtain the personally identifiable information of the YouTubers. Kang Decl., ¶ 9.

---

[4] *See* YouTube, *Terms of Service* (dated as of December 15, 2023), https://www.youtube.com/static?template=terms (last visited Sep. 26, 2024).

[5] *See* Google, *YouTube partner earnings overview*, YouTube Help, https://support.google.com/youtube/answer/72902?hl=en#zippy=%2Chow-can-i-get-paid (last visited Sep. 26, 2024).

[6] *See* Google, *Product Linking: Link YouTube channels or videos and Google Ads accounts*, YouTube Help, https://support.google.com/youtube/answer/3063482?hl=en (last visited Sep. 26, 2024); Google, *Manage your Google payment info*, Google Pay Help, https://support.google.com/googlepay/answer/9244912?hl=en (last visited Sep. 26, 2024).

[7] *See* Google, *Google Privacy Policy*, Google Privacy & Terms, https://policies.google.com/privacy#infocollect (last visited Sep. 26, 2024) ("This Privacy Policy applies to . . . YouTube.").

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Such personally identifiable information is held by Google and is necessary in different ways to uncover the true identities of the YouTubers. *Id.*, ¶¶ 10, 13(a)-(e). Applicant's proposed subpoena (attached hereto as Exhibit 1) is narrowly tailored to seek only that information which is necessary to identify the YouTubers for purposes of pursuing the Korean Cases in Korea. *Id.*, ¶ 13; Kim Decl., ¶ 9.

## III.   JURISDICTION, VENUE, AND BASIS FOR *EX PARTE* CONSIDERATION OF THIS APPLICATION

This Application is made pursuant to subsection (a) of federal statute Section 1782 of Title 28 of the United States Code, so this Court has subject matter jurisdiction pursuant to Section 1331 of that same Title.

Venue is proper in this District because Google, the party from whom discovery is sought, "resides or is found" in this District, pursuant to Sections 1391 and 1782 of Title 28 of the United States Code.

It is also proper for this Court to consider this Application on an *ex parte* basis. United States district courts, including this District, have generally considered applications brought under Section 1782 on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Equador*, No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158, at *7 (N.D. Cal. Sep. 15, 2010)); *see also In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *6 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis"). Google will be given adequate notice and opportunity to move to quash, so considering this Application on an *ex parte* basis does not violate Google's due process rights.

## IV.   ARGUMENT

The Court should grant this Application because it meets all three statutory requirements of Section 1782, and because the discretionary factors enumerated by the Supreme Court in *Intel*, 542 U.S. at 264-65, all weigh in favor of authorizing the discovery

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

sought by Applicant from Google.

### A.  This Application Satisfies All Statutory Requirements of Section 1782

Section 1782 authorizes a district court to order a person who "resides or is found" within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). A Section 1782 application must meet the following requirements under the statute: (1) the discovery is sought from a person residing or found in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or an "interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). Applicant has satisfied each of these elements.

First, Google "resides or is found" in this District within the meaning of Section 1782, because Google is registered to do business in California, with its principal place of business listed as 1600 Amphitheatre Parkway, Mountain View, California 94043, which is located in this district. Kang Decl., ¶ 10, Ex. 1; *see also United States v. Google LLC*, 690 F.Supp.3d 1011, 1017 (N.D. Cal. 2023). Accordingly, the first statutory requirement of Section 1782 is met here.

Second, the discovery sought by Applicant is "for use in a proceeding in a foreign or international tribunal"—primarily the ten (10) Korean Cases currently pending before the Seoul Western District Court in South Korea. Kang Decl., ¶ 5; 28 U.S.C. § 1782(a). The proposed discovery is for the purpose of obtaining the true identities of the YouTubers so that they may be served with process of the civil defamation complaints. *See* Kang Decl., ¶ 9; Kim Decl., ¶ 9. *See Intel*, 542 U.S. at 259 (holding that even though the applicant's complaint against the opposing party was only in the investigative stage, it satisfied the second statutory requirement, as the proceeding in the foreign jurisdiction need only "be within reasonable contemplation").

As explained in more detail in the accompanying declaration of Korean attorney Yun Hee Kang, the information will be used to identify the names and contact information for the

YouTubers, as well as to help the Korean Court differentiate between similarly-named individuals in Korea to confirm where service of process should be made. *See* Kang Decl.¶ 13. For example, because all Korean citizens and residents must register their residential address with the local government, the name and date of birth of the respondent will allow the Korean court to issue a warrant to obtain respondents' registered addresses. *Id.* Moreover, if there are multiple individuals with the same name (which is a common occurrence in Korea), or if the registered address is incorrect, the respondents' Korean telephone number, financial institution name, and account will enable the Korean court to confirm each respondent's identity directly with the corresponding Korean telecommunications company or financial institution. *Id.*

All of this information is appropriate for discovery here. In recent matters, this District has repeatedly found that Section 1782's second requirement is met where applicants sought Section 1782 assistance to identify anonymous users of social media platforms for purposes of serving process of defamation actions initiated before Korean courts. *See*, *e.g.*, *Lee v. Google LLC*, No. 24-mc-80169-EJD, 2024 U.S. Dist. LEXIS 150583 (N.D. Cal. Aug. 22, 2024); *In re Ho Chan Kim*, No. 5:24-mc-80152-EJD, 2024 U.S. Dist. LEXIS 116875 (N.D. Cal. Jul. 2, 2024); *In re Min-Ji Kim*, No. 24-mc-80072-PCP, 2024 U.S. Dist. LEXIS 78891 (N.D. Cal. Apr. 30, 2024); *Starship Entm't Co., Ltd. v. Defendant*, No. 23-mc-80147-BLF, 2023 U.S. Dist. LEXIS 150511 (N.D. Cal. Aug. 25, 2023). As such, Applicant meets the second statutory requirement of Section 1782.

Third, Applicant is an "interested person" within the meaning of Section 1782, because she is the plaintiff pursuing the Korean Cases against the YouTubers in Korea. Kang Decl., ¶ 5; Kim Decl., ¶ 9; 28 U.S.C. § 1782(a). *See also Intel,* 542 U.S. at 256 (holding that litigants may be the most common example of "interested person[s]" permitted to invoke Section 1782) Thus, the third statutory requirement is also satisfied.

Accordingly, all three statutory requirements set forth under Section 1782 are amply met here to warrant an Order pursuant to Section 1782.

**B.** *Intel***'s Discretionary Factors Weigh In Favor of Granting this Application**

In the leading Section 1782 case, *Intel Corp. v. Advanced Micro Devices, Inc.*, the

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

United States Supreme Court established four discretionary factors to be considered by district courts when ruling on Section 1782 applications: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. As discussed below, all four of these discretionary factors set out in *Intel* weigh heavily in favor of granting this Application.

### 1. Google is Not a Participant in the Korean Cases Against the YouTubers

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the Supreme Court recognized that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.

Here, Google is not a party to any of the ten (10) Korean Cases filed by Applicant in South Korea. Kang Decl., ¶ 10. Since Google and the information it holds are located in this District, which is outside the jurisdictional reach of Korean courts, such information cannot be obtained by Applicant without the assistance of Section 1782. *Id.* Thus, this first *Intel* factor weighs heavily in favor of granting this Application.

### 2. The Korean Courts Are Receptive To U.S. Judicial Assistance

The second *Intel* factor directs the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance." *Intel,* 542 U.S. at 264. The focus of this factor is whether the foreign court is willing to consider the information subject to the proposed discovery. *In re Varian Med. Sys. Int'l AG*, 2016 U.S.

Dist. LEXIS 38911, at *11. "'In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782,' courts tend to 'err on the side of permitting discovery.'" *Id.*, at *12 (citation omitted).

South Korean courts are highly receptive to the U.S. federal court's assistance in discovery matters and, specifically, to Section 1782 requests to uncover identifying information of anonymous individuals to proceed with defamation matters, including requests by private litigants and those made directly by Korean courts. *See*, *e.g.*, *Lee v. Google LLC*, 2024 U.S. Dist. LEXIS 150583 (granting, in part, Korean pharmacist's request for information to identify anonymous users on YouTube, Meta, and Instagram platforms); *In re Ho Chan Kim*, 2024 U.S. Dist. LEXIS 116875 (granting, in part, Korean pastor's request for information to identify anonymous YouTube user); *In re Min-Ji Kim*, 2024 U.S. Dist. LEXIS 78891 (granting female K-pop group members' request for information to identify anonymous YouTube user); *United States v. Google LLC*, 690 F.Supp.3d 1011 (granting Korean National Court Administration's request for information to identify anonymous Gmail account user); *Starship Entm't Co., Ltd. v. Defendant*, 2023 U.S. Dist. LEXIS 150511 (granting K-pop entertainment company's request for information to identify anonymous YouTube user); *Ahin Park v. Unknown (In re Request for Jud. Assistance)*, No. 23-mc-80016-BLF, 2023 U.S. Dist. LEXIS 38311 (N.D. Cal. Mar. 7, 2023) (granting Seoul Central District Court's request for information to identify anonymous Instagram users).

Moreover, there are no known restrictions or policies under Korean law that would limit U.S. federal court judicial assistance, so in light of the abundant record of Korean courts' receptivity to Section 1782 assistance, the second discretionary factor clearly weighs in favor of granting this Application. *Id.*; Kang Decl., ¶ 12.

### 3. The Application Does Not Circumvent Any Relevant Legal Restrictions or Policies

The third *Intel* factor is a consideration of whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel,* 542 U.S. at 265. The absence of evidence of attempted

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

circumvention of foreign tribunal's proof-gathering procedures weighs in favor of a Section 1782 application. *United States v. Google LLC*, 690 F.Supp.3d at 1021; *see also In re Google Inc.*, No. 14-mc-80333-DMR, 2014 U.S. Dist. LEXIS 173085, at *7 (N.D. Cal. Dec. 15, 2014). ("the third discretionary factor weighs in [the applicant]'s favor, as there is nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions"). No such evidence exists here.

In evaluating this third factor, courts must also consider potential attempts to circumvent any policies of the United States. In the context of defamation claims in the underlying foreign proceeding, this potentially raises First Amendment concerns as the U.S. Constitution affords speech protections to U.S. citizens wherever they are located. *United States v. Google LLC*, 690 F.Supp.3d at 1021. However, the "First Amendment doesn't apply to foreign citizens outside U.S. territory," and when there is no evidence that the anonymous speaker is a U.S. citizen, U.S. free-speech principles do not hold any weight in the analysis of this factor. *See ZURU, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697, 707 (N.D. Cal. 2022); *United States v. Google LLC*, 690 F.Supp.3d at 1021-22 (finding it reasonably probable that the anonymous individual making allegedly defamatory statements about the personal sexual history of a Korean resident immediately prior to their wedding is also a Korean resident if not citizen); *see also Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80034-DMR, 2023 U.S. Dist. LEXIS 98590 (N.D. Cal. Jun. 6, 2023) (finding no evidence that the anonymous speakers are U.S. citizens where their statements are in Japanese and directed at Japanese individuals).

Applicant is not attempting to circumvent any restrictions, policies, or other limitations on discovery, whether under Korean law or U.S. law. *See* Kang Decl., ¶ 12. Like many other similar Section 1782 applications that have come before this District, this Application seeks discovery of information that is beyond the reach of the Korean courts for the sole purpose of pursuing with civil defamation matters in Korea, which is generally accepted by Korean courts. *Id.*, ¶ 11. This Application is not an attempt to circumvent Korea's discovery restrictions. The same holds true for U.S. discovery restrictions.

There thus is no need to assess whether this Application is an attempt to skirt First

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

LEE, HONG, DEGERMAN, KANG & WAIMEY
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017

Amendment protections under the U.S. Constitution, because such protections do not apply to the YouTubers, who appear very likely to be Korean citizens. Kim Decl., ¶ 8. The facts that the YouTubers' videos were titled and narrated in Korean, they used colloquial Korean terms, and the content of the videos attacked Applicant in relation to her relationship with a prominent Korean figure amidst his widely publicized divorce all indicate that the YouTubers are likely "foreign citizens outside U.S. territory" who are not afforded First Amendment protections. *Id.*, ¶¶ 4-6, 8; Kang Decl., ¶ 4; *ZURU, Inc.*, 614 F.Supp.3d at 707. The Application therefore neither circumvents nor attempts to circumvent any restrictions or other policies limiting the proof-gathering procedures of Korea or the United States, and this third *Intel* factor should be ruled on in Applicant's favor. *Intel,* 542 U.S. at 265.

### 4.     Applicant's Request is Not Unduly Intrusive or Burdensome

The fourth and final *Intel* factor considers whether the discovery being requested by the Section 1782 application is "unduly intrusive or burdensome." *Intel,* 542 U.S. at 265. Requests that are not narrowly tailored, that request confidential information, and that appear to be a broad "fishing expedition" for irrelevant information are considered to be unduly intrusive and burdensome. *In re Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016). The *Intel* court noted that requests that are determined to be unduly intrusive or burdensome may be "trimmed" of such excessive parts, allowing the authorization of the remaining requests. *Intel*, 542 U.S. at 265 .

Here, Applicant's proposed subpoena to be served on Google is narrowly tailored and is not intrusive or burdensome. Kang Decl., ¶ 13. Applicant seeks identifying information of the YouTubers, which is necessary to enable the Korean courts to serve process of the Korean Cases on the YouTubers and will be used only for that narrow purpose. Kang Decl., ¶ 9; Kim Decl., ¶ 9. The proposed subpoena is limited to requests for only those documents that are sufficient to show the names, dates of birth, genders, addresses, email addresses, phone numbers, names of financial service institutions, financial account numbers, and IP access logs of the YouTubers. Financial account access information, card expiration dates, card validation codes, passwords, and financial transactions information are explicitly excluded

from these requests. *See* Ex. 1.

This District has authorized the categories of information being sought by this Application in multiple comparable matters. *See*, *e.g.*, *Lee v. Google LLC*, 2024 U.S. Dist. LEXIS 150583, at *7 (authorizing the discovery of names, dates of birth, addresses, email addresses, telephone numbers, and IP access logs from Google and Meta); *In re Ho Chan Kim*, 2024 U.S. Dist. LEXIS 116875, at *2, 10 (authorizing the discovery of names, dates of birth, addresses, email addresses, telephone numbers, and IP access logs from Google); *In re Min-Ji Kim*, 2024 U.S. Dist. LEXIS 78891, *2, 5 (authorizing the discovery of names, genders, dates of birth, addresses, email addresses, telephone numbers, and IP access logs from Google); *United States v. Google LLC*, 690 F.Supp.3d at 1023-24 (authorizing the discovery of names, genders, phone numbers, and dates of birth); *Starship Entm't Co., Ltd. v. Defendant*, 2023 U.S. Dist. LEXIS 150511, *3, 6-7 (authorizing the discovery of names, addresses, email addresses, telephone numbers, dates of birth, and banking information); *In re Starship Entm't Co.*, No. 23-mc-80147-BLF, 2023 U.S. Dist. LEXIS 91000, *2-3, 9 (N.D. Cal. May 24, 2023) (authorizing the discovery of names, addresses, email addresses, telephone numbers, and IP access logs from Google); *Ahin Park v. Unknown (In re Request for Jud. Assistance)*, 2023 U.S. Dist. LEXIS 38311, *11 (authorizing the discovery of names, dates of birth, email addresses, cell phone numbers, IP addresses, and related account information from Meta).

Moreover, the categories of information sought by this Application are necessitated altogether by the circumstances specific to Korea of the methods in which individuals can be identified for purposes of service of process and obstacles caused by the common occurrence of shared names, among other issues. Kang Decl., ¶ 13.

As such, Applicant's subpoena is not a broad "fishing expedition" but is narrowly tailored to discover only that relevant information essential to proceed with the Korean Cases in Korea. *In re Qualcomm Inc.*, 162 F.Supp.3d at 1043. Accordingly, Applicant's request is not unduly intrusive or burdensome for Google, and this fourth *Intel* factor weighs in favor of authorizing the proposed discovery.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    CONCLUSION

Applicant has clearly demonstrated that this Application meets all of the statutory requirements of Section 1782 and that all of the discretionary *Intel* factors weigh in favor of authorizing the proposed discovery. For the foregoing reasons, Applicant respectfully requests that the Court grant the Application and authorize Applicant's proposed discovery on Google, in order to obtain limited information enabling Applicant to serve process of and proceed with the Korean Cases against the YouTubers in Korea.


Dated: November 22, 2024                LEE, HONG, DEGERMAN, KANG & WAIMEY

By: _/s/ Eric D. Olson_

Eric D. Olson
Joseph Koo
Jong Hyun Lee
Soojin Youn

Attorneys for Applicant
Chloe H. Kim

EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the

Northern District of California

In re Ex Parte Application of

_____Chloe H. Kim_____
    *Plaintiff*

v.

_____
    *Defendant*

)
)
)
)
)
)

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Google LLC
_____

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: By E-Mail to: eolson@lhlaw.com; or<br>       By mail to: Eric D. Olson, 3501 Jamboreee Road, Suite 6000,<br>       Newport Beach, CA 92660 | Date and Time: |
|---|---|

' *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

    *CLERK OF COURT*

                            OR

_____      _____
   *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Chloe H. Kim _____, who issues or requests this subpoena, are:

Eric D. Olson, 3501 Jamboreee Road, Suite 6000, Newport Beach, CA 92660; eolson@lhlaw.com; (949) 419-8713

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

   '  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

   '  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

1.      The terms "DOCUMENT" or "DOCUMENTS" shall be construed in its broadest possible sense to include all electronically stored information or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered separate DOCUMENT.  Each and every draft, annotated version, or otherwise non-identical copy of a document is a separate document for the purposes of these requests.

2.      The term "DOCUMENT" or "DOCUMENTS" shall also include "ESI." "ESI" shall mean and refer to all electronic data and information stored in a digital format.  "ESI" includes, but is not limited to, electronic mail messages and attachments, contacts, databases including all records and fields and structural information, and any and all miscellaneous files responsive to the following requests.

3.      The terms "RELATING TO," "RELATED TO," and "REGARDING" mean any information or document that constitutes, contains, embodies, comprises, concerns, reflects, identifies, states, relates to, deals with, comments on, responds to, describes, analyzes, supports, refers to, contradicts, or in any way relates to the allegation, contention, or subject matter of the request.

4.      The term "PERSON(S)" shall mean and include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity, but shall exclude Google LLC, its subsidiaries and affiliates, and the employees and personnel of Google LLC and its subsidiaries and affiliates.

5.      The terms "AND" and "OR" shall be construed conjunctively or disjunctively as necessary to make these Requests inclusive rather than exclusive.  The singular of any term includes the plural, and the plural of any term includes the singular.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request that which otherwise might be construed outside its scope.  The masculine gender of any term used herein includes the feminine, and vice versa.

6.      The term "ACCOUNT 1" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "5S News" (Korean original: "5S 뉴스"), which was formerly accessible from the URL https://www.youtube.com/@user-g15qo6bu2z and is now accessible from the URL https://www.youtube.com/@5S 뉴스 as of October 2, 2024 (with the same channel ID

"UCMWf80RkhlyAiwMV34jn0MQ"), including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

7.     The term "ACCOUNT 2" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "SBKR TV", which is accessible from the URL https://www.youtube.com/@mjaeger38, including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

8.     The term "ACCOUNT 3" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Gangsan TV" (Korean original: "강산 TV"), which is accessible from the URL https://www.youtube.com/@gangsanTV, including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

9.     The term "ACCOUNT 4" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Cat Queen News TV" (Korean original: "고양이여왕뉴스 TV"), which is accessible from the URL https://www.youtube.com/@catnewskr, including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

10.     The term "ACCOUNT 5" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Gochubat" (Korean original: "고추밭"), which is accessible from the URL https://www.youtube.com/@gochubat2024, including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

11.     The term "ACCOUNT 6" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel formerly titled "Eye-Catching News" (Korean original: "눈길가는뉴스") and, as of October 2, 2024 titled "Well-Well-Well" (Korean original: "잘잘잘"), which was formerly accessible from the URL https://www.youtube.com/@today.breakingnews and is now accessible from the URL https://www.youtube.com/@wellness-plan as of October 2, 2024 (with the same channel ID "UCozD_b-WP3HjHUXrTwIhP1A"), including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

12.     The term "ACCOUNT 7" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "RichRich Story" (Korean original: "리치리치스토리"), which is

accessible from the URL https://www.youtube.com/@richrichstory, including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

13.    The term "ACCOUNT 8" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Master Review" (Korean original: "마스터리뷰"), which was formerly accessible from the URL https://www.youtube.com/@masterrevie-1 and is now accessible from the URL https://www.youtube.com/@masterrevie-4 as of October 2, 2024 (with the same channel ID "UCdJshoypbQF8Uj_wuSk5jtA"), including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

14.    The term "ACCOUNT 9" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Shuchil27_issueCHILL" (Korean original: "슈칠 27_issueCHILL"), which is accessible from the URL https://www.youtube.com/@issueCHILL27, including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

15.    The term "ACCOUNT 10" shall mean the Google account(s) and/or YouTube account(s) that are used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Pure Sea TV" (Korean original: "푸른샘 TV"), which is accessible from the URL https://www.youtube.com/@pure-sea, including but not limited to Google Ads accounts, Google AdSense accounts, and Google Pay accounts.

16.    The term "ACCESS LOGS" shall mean the dates, times, Internet Protocol addresses, port numbers, and destination Internet Protocol addresses that are recorded by Google LLC when a user logs in or uploads videos to the user's Google/YouTube account(s).


**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 1:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 1;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

(4)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)      Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)      Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)      Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)      Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)      Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 2:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 2:

(1)      Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 2;

(2)      Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)      Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

(4)      Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)      Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)      Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)      Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 3:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 3:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 3;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

(4)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 4:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 4:

 (1) Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 4;

 (2) Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

 (3) Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

 (4) Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

 (5) Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

 (6) Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

 (7) Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

 (8) Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

 (9) Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

 (10) ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 5:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 5:

 (1) Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 5;

 (2) Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

 (3) Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

 (4) Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 6:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 6:

(1)     Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 6;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

(4)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 7:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 7:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 7;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

(4)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 8:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 8:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 8;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

(4)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 9:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 9:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 9;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

(4)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 10:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 10:

(1)     Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 10;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Gender(s) for each PERSON identified in subpart (1) of this Request who is a natural person;

(4)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(6)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(7)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(8)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(9)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(10)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.