# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF CHLOE H. KIM,<br><br>Applicant. | Case No. 24-mc-80290-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>[Re: ECF 1] |

Before the Court is an *ex parte* application filed by Chloe H. Kim pursuant to 28 U.S.C. § 1782, seeking leave to take limited discovery from Google LLC for use in civil proceedings pending in the Republic of Korea. *See* Applic., ECF 1. The Court finds the application to be suitable for disposition without a hearing. *See* Civ. L.R. 7-1(b). The application is GRANTED for the reasons discussed below.

## I.  BACKGROUND

Ms. Kim claims that she has been the victim of cyberbullying arising from her relationship with Tae-Won Chey, with whom she lives in the Republic of Korea, where they are raising their child. *See* Kim Decl. ¶ 4, ECF 1-1. For the past eight years, Mr. Chey has been involved in legal proceedings relating to his divorce from So-Yeong Roh. *See id.* Mr. Chey is the Chairman of a large Korean tech conglomerate and Ms. Roh is the daughter of former South Korean president Tae-Woo Roh. *See id.* Their divorce proceedings have garnered significant publicity, and anonymous persons have published more than 100 videos on YouTube that portray Ms. Kim in a negative light. *See id.* Among other things, the YouTube videos state that Ms. Kim fabricated her academic credentials and that Ms. Kim's mother was a bar hostess and the mistress of a married man. *See id.*

1  The videos were posted anonymously on ten different YouTube channels. *See* Kang Decl.
2  ¶¶ 3-4, ECF 1-2. The persons who posted the videos appear to be native Korean speakers, and
3  nothing in the videos suggests that they live outside of Korea. *See id.* ¶ 12. Ms. Kim has filed ten
4  civil defamation actions in the Seoul Western District Court in Korea. *See id*. ¶ 5. Those actions
5  have not been served, however, because Ms. Kim has not been able to discover the identities of the
6  persons who posted the videos. *See id.* ¶ 9.

7  Ms. Kim asserts that the information necessary to identify the persons who posted the
8  videos is held by YouTube's parent company, Google LLC, which maintains its principle office in
9  Mountain View, California. *See* Kang Decl. ¶ 10. She filed the present action pursuant to 28
10 U.S.C. § 1782 on November 25, 2024, seeking leave to serve a subpoena on Google LLC
11 requesting production of documents relating to the identities of the persons who posted the videos.
12 *See* Applic & Ex. 1 (Subpoena).

13 The action initially was assigned to Magistrate Judge Nathanael M. Cousins, who did not
14 have authority to rule on the application absent consent of both parties. *See CPC Pat. Techs. Pty*
15 *Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022). Judge Cousins ordered Ms. Kim to serve her
16 application on Google LLC so that both parties could file a consent/decline form re magistrate
17 judge jurisdiction. *See* Order Directing Service, ECF 4. However, the action was reassigned to
18 the undersigned judge on November 27, 2024, obviating the need for Google LLC to file a
19 consent/declination form. *See* Order Reassigning Case, ECF 7. This Court therefore finds it
20 appropriate to address the merits of the application at this time.[1]

21 **II.   LEGAL STANDARD**

22 In relevant part, § 1782 provides as follows:

23 The district court of the district in which a person resides or is found may order him
   to give his testimony or statement or to produce a document or other thing for use
24 in a proceeding in a foreign or international tribunal, including criminal
   investigations conducted before formal accusation. The order may be made . . .
25 upon the application of any interested person and may direct that the testimony or
   statement be given, or the document or other thing be produced, before a person
26 appointed by the court.

27 ---
28 [1] The deadlines set by Judge Cousins for service on Google LLC and related events are hereby VACATED.

2

28 U.S.C. § 1782(a).

As construed by the Supreme Court, § 1782 "authorizes, but does not require" a district court to permit discovery for use in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

"[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926 (citing *Intel*, 542 U.S. at 264-65). "This discretion is guided by the Supreme Court's articulation in *Intel* of four non-exclusive factors: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and (4) whether the discovery requests are 'unduly intrusive or burdensome.'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024) (quoting *Intel*, 542 U.S. at 264-65).

It is common for § 1782 applications to be considered on an *ex parte* basis, as "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation marks and citation omitted); *see also In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis.").

## III. DISCUSSION

### A. Statutory Requirements

Ms. Kim's application satisfies the three statutory requirements of § 1782. With respect to the first requirement, that the respondent be found in the district, "[a] business entity is 'found' in the judicial district where it is incorporated or headquartered." *See Illumina Cambridge Ltd. v. Complete Genomics, Inc., et al.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). Google LLC is headquartered in Mountain View, California, *see* Kang Decl. ¶ 10, which is in this district, *see United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017 (N.D. Cal. 2023) ("Google's headquarters are in Mountain View, California, which is located within the geographic boundaries of the Northern District of California.").

The second requirement, that the discovery is for use in a foreign proceeding, is satisfied here because Ms. Kim seeks the discovery to aid her in litigating ten cases pending in the Seoul Western District Court in Korea. *See* Kang Decl. ¶ 9. Other courts in this district have found this statutory requirement satisfied where the applicant seeks discovery from Google LLC to aid in foreign litigation arising from videos posted anonymously to YouTube. *See, e.g., Lee v. Google LLC*, No. 24-MC-80169-EJD, 2024 WL 3925712, at *2 (N.D. Cal. Aug. 22, 2024).

With respect to the third requirement, that the application be made by a foreign tribunal or any "interested person," a litigant in the foreign proceeding is an "interested person" for purposes of § 1782. *See Intel*, 542 U.S. at 256. As discussed herein, Ms. Kim brought the Korean actions for which she seeks the discovery at issue here.

Having concluded that the statutory requirements are satisfied, the Court considers whether the discretionary *Intel* factors weigh in favor of granting the application.

### B. Discretionary *Intel* Factors

The first *Intel* factor asks whether the respondent is a participant in the foreign action. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Google LLC is not a party to any of the Korean cases, and therefore is outside the Korean court's jurisdictional reach. *See* Kang Decl. ¶ 10.

1     Under the second *Intel* factor, the district court "may take into account the nature of the
2  foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the
3  foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*,
4  542 U.S. at 264. Yun Hee Kang, an attorney who is licensed to practice in the Republic of Korea,
5  has submitted a declaration stating: "Based on my experience and knowledge, I believe that
6  Korean courts are generally receptive to receiving assistance from United States federal courts in
7  discovery and I am aware of numerous matters in which defamation matters were able to proceed
8  before Korean courts using information obtained through Section 1782 discovery granted by this
9  very judicial District."  Kang Decl. ¶ 11.
10     The third *Intel* factor asks whether the request for discovery is an attempt to circumvent
11  foreign proof-gathering restrictions or other policies of the foreign country or the United States.
12  *See Intel*, 542 U.S. at 265. Attorney Yun Hee Kang indicates that the requested discovery would
13  not conflict with any restrictions or policies under the laws of Korea. *See* Kang Decl. ¶ 12. With
14  respect to policies of the United States, Ms. Kim points out that although defamation claims may
15  implicate First Amendment issues, the First Amendment does not apply to foreign citizens in a
16  foreign country. *See Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 707 (N.D. Cal. 2022)
17  ("The First Amendment doesn't apply to foreign citizens outside U.S. territory[.]"). The record
18  suggests that the persons who posted the videos are Korean citizens, as the videos are titled and
19  narrated in Korean, use colloquial Korean terms, and focus on Ms. Kim's relationship with a
20  prominent Korean figure. *See* Kim Decl. ¶¶ 4-8; Kang Decl. ¶ 12. Accordingly, the discovery
21  request does not appear to be an attempt to circumvent the laws or policies of either the Republic
22  of Korea or the United States.
23     The fourth *Intel* factor asks whether the requested discovery is unduly intrusive or
24  burdensome. *See Intel*, 542 U.S. at 265. The Court finds that the subpoena Ms. Kim wishes to
25  serve on Google LLC is narrowly tailored to obtain information necessary to identify and litigate
26  against the persons who posted the anonymous videos on YouTube. Other courts in this district
27  have allowed the service of similar subpoenas on Google LLC pursuant to § 1782. *See, e.g., In re*
28  *Kim*, No. 24-MC-80072-PCP, 2024 WL 1898453, at *2 (N.D. Cal. Apr. 30, 2024).

Having considered the four *Intel* factors, the Court in the exercise of its discretion finds it appropriate to grant Ms. Kim's application.

**IV.    ORDER**

(1) The *ex parte* application for leave to take limited discovery from Google LLC pursuant to 28 U.S.C. § 1782 is GRANTED.

(2) The applicant IS AUTHORIZED to issue and serve on Google LLC a subpoena for production of documents that is substantially similar to the proposed subpoena attached to the application as Exhibit 1.

(3) The applicant SHALL serve a copy of this order, all underlying papers, and the authorized subpoena on Google LLC.

(4) The Clerk shall close the file.

(5) The Court retains jurisdiction over this matter.

Dated:  December 5, 2024

_____
BETH LABSON FREEMAN
United States District Judge

6