UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF CHLOE H. KIM,<br><br>Applicant. | Case No. 24-mc-80290-BLF<br><br>**ORDER GRANTING SECOND *EX PARTE* APPLICATION TO REOPEN MATTER AND FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN CIVIL PROCEEDINGS**<br><br>[Re: ECF 16] |

Before the Court is Chloe H. Kim's second *ex parte* application for leave to take discovery from Google LLC ("Google") pursuant to 28 U.S.C. § 1782, for use in civil defamation proceedings she has filed in the Republic of Korea. *See* Second *Ex Parte* Applic., ECF 16. The Court previously granted Ms. Kim's first *ex parte* application, authorizing her to serve a subpoena on Google for documents relating to the identities of ten persons who anonymously posted defamatory videos about her on YouTube ("YouTubers"). *See* Order Granting *Ex Parte* Applic., ECF 11. The Court then closed the case but retained jurisdiction over the matter. *See id.* at 6.

In her second *ex parte* application, Ms. Kim asks the Court to reopen the case and grant her leave to serve a second subpoena on Google for documents relating to the identities of one of the ten YouTubers who was the subject of the first subpoena, and two additional YouTubers who have published similar defamatory videos. *See* Second *Ex Parte* Applic. at 1.

The Court finds Ms. Kim's second *ex parte* application to be suitable for disposition without a hearing. *See* Civ. L.R. 7-1(b). The application is GRANTED for the reasons discussed below.

## I. BACKGROUND

The facts underlying Ms. Kim's defamation actions in the Republic of Korea are set forth in the Court's prior order granting Ms. Kim's first *ex parte* application, and need not be repeated in full here. *See* Order Granting *Ex Parte* Applic. Briefly, Ms. Kim claims that she was cyberbullied because of her relationship with a prominent individual. *See id.* Ms. Kim filed lawsuits in the Republic of Korea against ten anonymous YouTubers who published videos portraying her in a negative light. *See id.*

On December 5, 2024, this Court granted Ms. Kim's first *ex parte* application for leave to serve a subpoena on Google to obtain information regarding the identities of the ten anonymous YouTubers. *See* Order Granting *Ex Parte* Applic. The Court then closed the case but retained jurisdiction over the matter. *See id.* Google provided Ms. Kim with information about nine of the YouTubers, but Google was unable to provide information about the tenth YouTuber, who had started using a different YouTube handle and different URLs from those identified in Ms. Kim's first *ex parte* application. *See* Kim Decl. ¶ 5, ECF 16-1.

Ms. Kim filed her second *ex parte* application on May 20, 2025, asking the Court to reopen the matter and grant her leave to serve a second subpoena on Google to obtain identifying information about the tenth YouTuber, using the YouTuber's new handle and URLs. *See id.* Ms. Kim also wishes to obtain identifying information about two additional anonymous YouTubers who have published the same type of defamatory videos as the original ten YouTubers. *See* Kim Decl. ¶ 6. Ms. Kim has filed civil defamation cases against the two additional YouTubers in the Republic of Korea. *See id.*

## II. LEGAL STANDARD

In relevant part, § 1782 provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

2

1    As construed by the Supreme Court, § 1782 "authorizes, but does not require" a district court to permit discovery for use in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

"[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926 (citing *Intel*, 542 U.S. at 264-65). "This discretion is guided by the Supreme Court's articulation in *Intel* of four non-exclusive factors: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and (4) whether the discovery requests are 'unduly intrusive or burdensome.'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024) (quoting *Intel*, 542 U.S. at 264-65).

It is common for § 1782 applications to be considered on an *ex parte* basis, as "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation marks and citation omitted); *see also In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis.").

3

### III. DISCUSSION

As noted above, § 1782 applications are commonly considered and granted on an *ex parte* basis. Accordingly, the Court did not direct Ms. Kim to serve her first *ex parte* application on Google before ruling on it. The docket reflects that Google appeared in this case after being served with the Court's prior order on Ms. Kim's first *ex parte* application, and that Google's counsel received electronic notification of Ms. Kim's second *ex parte* application through the Court's ECF system. *See* Notices of Appearance, ECF 13, 14. However, given the common practice of ruling on § 1782 applications *ex parte*, and absent any indication from Google that it wishes to respond to Ms. Kim's second *ex parte* application, the Court finds it appropriate to rule on the current application on an *ex parte* basis.

#### A. Statutory Requirements

Ms. Kim's application satisfies the three statutory requirements of § 1782. With respect to the first requirement, that the respondent be found in the district, "[a] business entity is 'found' in the judicial district where it is incorporated or headquartered." *See Illumina Cambridge Ltd. v. Complete Genomics, Inc., et al.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). This Court previously determined that Google is headquartered in Mountain View, California, which is in this district. *See* Order Granting *Ex Parte* Applic. at 4.

The second requirement, that the discovery is for use in a foreign proceeding, is satisfied here because Ms. Kim seeks the discovery to aid her in litigating cases pending in Korea. *See* Kim Decl. ¶ 11. Other courts in this district have found this statutory requirement satisfied where the applicant seeks discovery from Google to aid in foreign litigation arising from videos posted anonymously to YouTube. *See, e.g., Lee v. Google LLC*, No. 24-MC-80169-EJD, 2024 WL 3925712, at *2 (N.D. Cal. Aug. 22, 2024).

With respect to the third requirement, that the application be made by a foreign tribunal or any "interested person," a litigant in the foreign proceeding is an "interested person" for purposes of § 1782. *See Intel*, 542 U.S. at 256. As discussed herein, Ms. Kim brought the Korean actions for which she seeks the discovery at issue here.

The Court next considers whether the discretionary *Intel* factors are satisfied.

**B.     Discretionary *Intel* Factors**

The first *Intel* factor asks whether the respondent is a participant in the foreign action. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.  Google is not a party to any of the Korean cases, and therefore is outside the Korean court's jurictional reach.  *See* Kang Decl. ¶ 10, ECF 16-2.

Under the second *Intel* factor, the district court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  Yun Hee Kang, an attorney who is licensed to practice in the Republic of Korea, has submitted a declaration stating:  "Based on my experience and knowledge, I believe that Korean courts are generally receptive to receiving assistance from United States federal courts in discovery and I am aware of numerous matters in which defamation matters were able to proceed before Korean courts using information obtained through Section 1782 discovery granted by this very judicial District."   Kang Decl. ¶ 11.

The third *Intel* factor asks whether the request for discovery is an attempt to circumvent restrictions or policies of the foreign country or the United States.  *See Intel*, 542 U.S. at 265.  Attorney Kang indicates that the requested discovery would not conflict with any restrictions or policies under the laws of Korea or the United States.  *See* Kang Decl. ¶ 12.

The fourth *Intel* factor asks whether the requested discovery is unduly intrusive or burdensome.  *See Intel*, 542 U.S. at 265.  The Court finds that the subpoena Ms. Kim wishes to serve on Google is narrowly tailored to obtain information necessary to identify and litigate against the persons who posted the anonymous videos on YouTube.  This Court allowed service of a similar subpoena when it granted Ms. Kim's first *ex parte* application, and other courts in this district have allowed the service of similar subpoenas on Google pursuant to § 1782.  *See, e.g., In re Kim*, No. 24-MC-80072-PCP, 2024 WL 1898453, at *2 (N.D. Cal. Apr. 30, 2024).

Having considered the four *Intel* factors, the Court in the exercise of its discretion finds it appropriate to grant Ms. Kim's application.

## IV. ORDER

(1) Ms. Kim's second *ex parte* application, requesting that the Court reopen this matter and authorize limited discovery from Google pursuant to 28 U.S.C. § 1782, is GRANTED.

(2) This matter is REOPENED for the purpose of considering Ms. Kim's second *ex parte* application.

(3) Ms. Kim IS AUTHORIZED to issue and serve on Google a subpoena for production of documents that is substantially similar to the proposed subpoena attached to the application as Exhibit 1.  The Court notes a typographical error in the proposed subpoena's Request for Production No. 1, which seeks information associated with "ACCOUNT 9" but then asks for the names of each person involved in operating "ACCOUNT 11."  The typographical error shall be corrected before service of the subpoena on Google.

(4) Ms. Kim SHALL serve a copy of this order, all underlying papers, and the authorized subpoena on Google.

(5) The Clerk shall once again close the file.

(6) The Court retains jurisdiction over this matter.

Dated:  May 29, 2025

_____
BETH LABSON FREEMAN
United States District Judge